# I. Mark Cohen Law Group

1 Executive Drive, Suite 6
Tinton Falls, NJ 07701
Phone: 732.741.9500
Fax: 732.741.0226

**I. Mark Cohen**
imc@imclawgroup.com

**Jonathan Goldsmith Cohen**
jgc@imclawgroup.com

January 12, 2021

**VIA CM/ECF Only**
Bankruptcy Court for the District of New Jersey
Hon. Michael B. Kaplan, U.S.B.J.
402 East State Street
Courtroom #8
Trenton, NJ 08608

Re:  **In re: ANZIVINO, Anthony C. – Case No. 21-13902(MBK)
Letter Brief in Opposition to the Motion to Enforce the Automatic Stay, for Sanctions and Attorneys Fees against the Creditor, Eric Cavallaro**

Your Honor:

This Firm serves as counsel to the creditor, Eric Cavallaro ("Cavallaro") in the above referenced Chapter 13 Bankruptcy Case. The debtor, Anthony Anzivino (the "Debtor") filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Code") on May 11, 2021 (the "Petition Date"). Cavallaro, who was representing himself *pro se* at the time, filed a pre-petition complaint against the Debtor, Agnaan, LLC and the Debtor's spouse, Gianna Anzivino on September 10, 2020 alleging, *inter alia*, breach of contract, breach of guarantee, unjust enrichment, foreclosure, replevin, fraud, constructive trust default of loan agreement, and breach of fiduciary duty (the "Complaint" and the "Law Division Action"). The basis of the loan agreement in the Complaint was a contract between Cavallaro and Agnaan, LLC ("Agnaan"), an entity owned by the Debtor. Neither Agnaan or the Debtor's spouse has filed a petition in bankruptcy.

At the outset the Debtor is attempting here not to *enforce* the automatic stay but to *extend* the automatic stay to the other defendants in the action, namely his wholly owned LLC and his spouse, neither of which is protected by the automatic stay without filing themselves. The case law on this issue is quite clear and remains completely unreferenced by the Debtor's motion. See In re McCormick, 381 B.R. 594 (Bankr. S.D.N.Y. 2008) and Johnson v. N. Mill Credit (In re Johnson), 608 B.R. 784 (Bankr. S.D. Ga. 2019). The Debtor's cited standard that the Debtor is in need of the LLC in order to reorganize is not the correct standard for this legal issue.[1]

As it relates to the State Court itself, the Law Division Courts regularly determine on their own whether they are willing to move forward with a matter where multiple defendants are involved and one individual is in bankruptcy. The State Court's determination to move forward

---

[1] The Debtor's allegations of misconduct on the part of Cavallaro or his counsel are similarly unsupported such that the brief does not even raise the legal context under which the Court might even *consider* sanctioning counsel or Cavallaro or awarding attorney's fees. The Debtor's titling of the motion to suggest such a penalty is just posturing for effect and shock value.

with arbitration not involving the Debtor himself, but with the remaining Defendants is within that Court's discretion.

Finally, it appears from correspondence received as of the date of this letter that the parties have been engaged in *settlement discussions* that may lead to a settled termination of the Law Division Action, thereby making the Debtor's motion moot. Law Division counsel to Cavallaro recommends (and this firm agrees) that the parties should adjourn this motion to a later date in order to better flesh out the legal issues presented (given that the motion is being heard on shortened time but is not entirely urgent) and to give the parties the benefit of additional time to attempt to settle the underlying action.

        RESPECTFULLY SUBMITTED,

        */s/ Jonathan Goldsmith Cohen*

        Jonathan Goldsmith Cohen
        Counsel to the Debtor

JGC/gpc
Cc:    File
       Eric Cavallaro